**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ELDRIDGE J. BOBO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:25-cv-03007-TLP-tmp |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Eldridge J. Bobo[1] petitioned pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("2241 Petition"). (ECF No. 2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the Court to conduct a preliminary review of a habeas petition to determine what response is required.[2] A federal court may immediately dismiss a petition if it concludes that "the petition is frivolous[] or obviously lacking in merit" on its face. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Habeas Rule 4 says "[i]f it plainly appears from the petition and any attached exhibits

[1] Bobo is incarcerated by the Shelby County Division of Corrections (the "SCDC") in Memphis, Tennessee.
[2] The Habeas Rules apply to habeas corpus petitions filed pursuant to § 2241. *See* Habeas Rules 1(b).

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As explained below, the Court **DISMISSES** the § 2241 Petition **WITHOUT PREJUDICE**.

## THE § 2241 PETITION

Bobo alleges that the Shelby County Criminal Court sentenced him on October 14, 2020. (ECF No. 2 at PageID 2.) Bobo's § 2241 Petition concerns "jail credits while on probation." (*Id.* at PageID 3.) Bobo alleges that he submitted a records request to the SCDC on June 4, 2023. (*Id.*) He also alleges that he filed a "request . . . for street time" with the Shelby County Criminal Court on September 30, 2024. (*Id.* at PageID 4.) Bobo attaches a response from the Criminal Court Clerk's Office stating that it neither addressed nor applied street time, good behavior, or program credits. (ECF No. 2-1 at PageID 11.) The response indicated that Bobo's "pretrial jail credits were submitted to TDOC and they were applied." (*Id.*) Bobo indicates that he did appeal his jail credit request any further. (ECF No. 2 at PageID 4.) As relief, Bobo asks that the Court "calculate[e] [his] credits or time on probation, and add to [his] sentence time or grant for jail credits while on probation." (*Id.* at PageID 9.)

## ANALYSIS

A writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the United States". *See* 28 U.S.C. § 2241(c)(3). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see United States v. Stark*, No. 18-5299, 2018 WL 4621947, at *1 (6th Cir. July 13, 2018) ("A § 2241 petition is proper only when a petitioner challenges the

manner in which his sentence is being executed, names the prisoner's custodian as a respondent, and is filed in the district where he is confined") (citations omitted). An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. *See Murphy v. Dep't of Corr.*, No. 3:19-cv-00487, 2019 WL 4167343, at *1 (M.D. Tenn. Sept. 3, 2019) (citing *Ali v. Tenn. Bd. of Pardon & Paroles*, 431 F.3d 896 (6th Cir. 2005)); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001). *But see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241").

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b)–(c); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This requirement applies to prisoners who petition under 28 U.S.C. § 2241 challenging the execution of their sentences under. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–91 (1973); *Collins v. Million*, 121 F. App'x 628, 630–31 (6th Cir. 2005). The petitioner must "fairly present" each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner has not fairly presented a claim to the state courts where it "has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The petitioner carries the burden of demonstrating exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In Tennessee, an inmate seeking to challenge the award of post-judgment sentence reduction credits, including "good time" or behavior credits, must follow the procedures set forth in the Uniform Administrative Procedures Act ("UAPA"). *See Yates v. Parker*, 371 S.W.3d,

152, 155 (Tenn. Crim. App. 2012) ("The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively"). Bobo must follow the UAPA to challenge his sentence expiration date or release eligibility date. *See Hughley v. State*, 208 S.W.3d 388, 395 (Tenn. 2006) (the validity of any sentence reduction credits must be addressed through the UAPA). Under the UAPA, to exhaust a sentence calculation challenge, an inmate must first seek a declaratory order about the sentence calculation from the TDOC. *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012); *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-225(b)). If the TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court of Davidson County and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S.W.3d at 578.

Bobo does not indicate in his § 2241 Petition that he pursued his administrative remedies under the UAPA for his sentence credits claim. This Court can exercise discretion and sua sponte dismiss a habeas corpus action without prejudice on exhaustion grounds. *See Graham v. Snyder*, 68 F. App'x 589 (6th Cir. 2003) (affirming a sua sponte non-prejudicial dismissal of a § 2241 petition for failure to exhaust administrative remedies. The Court therefore **DISMISSES** the § 2241 Petition **WITHOUT PREJUDICE** because of Bobo's failure to exhaust his available remedies under the UAPA. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

## APPELLATE ISSUES

A state inmate asserting claims under 28 U.S.C. § 2241 may not proceed on appeal unless a district or circuit judge issued a certificate of appealability ("COA"). *See Winburn v. Nagy*,

No. 19-2398, 2020 WL 1951893, at *2 (6th Cir. Apr. 23, 2020) ("[T]he language of [28 U.S.C.] § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals . . . .").

The Court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337). Here, because jurists of reason would not debate the correctness of the Court's decision to dismiss the § 2241 Petition as unexhausted, the Court **DENIES** a COA.

Moreover, for the reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** that any appeal in this matter would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.[3]

---

[3] If Bobo files a notice of appeal, he must pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).

**SO ORDERED**, this 28th day of August, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE